GEORGE FLEMING, Respondent, *v.* JOSEPH MULHALL ET AL., Appellants.

### May 11, 1880.

1. A *de facto* officer is one who has the reputation of being, but who in law is not, an officer.
2. A justice who, denying the validity of an act which ousts him before the expiration of the term for which he was elected, holds over after a successor has been elected, and continues to exercise the functions of a justice, is a *de facto* justice, and so far as the public and third parties are concerned, his judicial acts are valid.

Appeal from the St. Louis Circuit Court, Adams, J. *Affirmed*.

H. B. O'Reilly, for the appellants: There can be no *de facto* officer without a *de jure* office. — *Ex parte Snyder*, 64 Mo. 59.

Overall, Judson & Tutt, for the respondent, cited : *The State ex rel.* v. *Sutton*, 3 Mo. App. 402 ; *Adams* v. *Lindell*, 5 Mo. App. 202 ; *Harbaugh* v. *Winsor*, 38 Mo. 327 ; *The State* v. *Douglass*, 50 Mo. 593.

Bakewell, J., delivered the opinion of the court.

This action was commenced on November 1, 1878, before Cunningham, a justice of the peace in the city of St. Louis. After continuances, there was judgment for plaintiff on November 30, 1878. On appeal and trial anew in the Circuit Court, at the close of plaintiff's case, defendant moved to dismiss for want of jurisdiction in the justice, and offered to prove that " at the time J. C. N. Cunningham tried this cause, the justices elected for the new judicial districts for justice of the peace for the city of St. Louis under the law of 1877, had been duly elected, and were then duly qualified, and acting within said city ; plaintiff admitting that said Cunningham had not been so elected, claiming simply that he was holding over in good faith, believing the law of 1877 to be unconstitutional; and defendant having admitted, in connection with his offer to prove as above, that at the time this suit was tried said Cunningham was holding over in good faith, claiming honestly to be entitled to the office, and at the time exercising the jurisdiction of a justice." The court overruled the motion, and rendered judgment for the plaintiff.

It is well settled that the acts of an officer *de facto*, whether judicial or ministerial, are valid so far as the rights of the public, or of third parties having an interest in such acts are concerned.

An officer *de facto* is distinguished from a mere usurper

on the one hand, and from an officer *de jure* on the other. "He is," says Lord Raymond, "one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law." *Parker* v. *Kett*, 1 Ld. Raym. 658.

It is sometimes said that in order that the acts of one acting as an officer without legal right may be held valid as to the public and third persons,— as, the acts of an officer *de facto*,— he must have color of title ; that is, color of election or appointment by the only body which has power to elect or appoint him. But in *The State* v. *Carroll*, 38 Conn. 449 the English and American cases are carefully examined, and it is shown that this is not always necessary. The essential thing seems to be that the unlawful officer whose acts are validated from public policy, should have exercised the duties of the office under such circumstances of reputation or acquiescence as were calculated to induce persons without inquiry to submit to, or invoke his action, supposing him in good faith to be the officer he assumed to be. So, we held in *The State ex rel.* v. *Sutton*, 3 Mo. App. 388, and in *Adams* v. *Lindell*, 5 Mo. App. 197, that there might be a *de facto* officer, though the office had ceased to exist.

In *Fowler* v. *Bebee*, 9 Mass. 222, it was objected that the original writ was served by the deputy of one who was not sheriff at the time. The ground of objection was, that at the time of the service there was no county of Hampden, and no such office as sheriff of the county of Hampden ; but the court (Chief Justice Parsons delivering the opinion) unanimously held that, though the summons was served before the act creating the county and the office went into effect, yet the sheriff whose deputy served the writ was, nevertheless, sheriff *de facto;* and the plea in abatement was adjudged bad.

In the case at bar, it is admitted in the motion to dismiss that Cunningham was holding over in good faith, claiming to be entitled to the office, and, at the time of the judgment, exercising the jurisdiction of a justice. It is not pretended that he had not jurisdiction when the action was brought.

If, because he denied the validity of an act of the Legislature, which by its terms put him out of office before the expiration of the term for which he was elected, he still held on to his office, and still continued to act as a justice of the peace, and exercise jurisdiction as before ; and if, as this motion further admits, he did this in good faith, there was such public reputation and acquiescence as to bring the case within the rule, to make him a *de facto* officer, and to validate his acts so far as the public and third parties are concerned, whatever might be the consequences to himself. A *de facto* justice is no other than one who has the reputation of being a justice, and yet is not a good justice in point of law ; which is just the case presented by the record.

It is urged that a justice cannot be permitted to nullify an act of the Legislature putting an end to his term or to his office, by declaring the act void, and disregarding it. But that is not the question. Whether, as in the Massachusetts case, an officer begins to perform official acts before the period limited by the law at which his office is to come into existence, or, as in the present case, acts after his office has ceased to exist, or his term come to an end by virtue of a statute passed after his election, his conduct is equally illegal. But we have not to consider the propriety or legality of the action of the officer, but the validity of his acts, so far as the parties to this suit are concerned. These acts, where the officer, though not a good officer, is not a mere usurper, are sustained from motives of public policy, and to prevent the mischiefs which must arise if parties were bound at their peril to examine, before submitting themselves to a ministerial or judicial officer, whether one acting and recognized in a particular community as sheriff or as judge be lawfully entitled to the office whose functions he is openly exercising, or whether, perhaps, he may not be acting after his term has by law expired, or before the date fixed by law for the commencement of his term.

The judgment is affirmed. Judge HAYDEN concurs ; Judge LEWIS is absent.